IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 13-37200 |
| | § | |
| GOLDKING HOLDINGS, LLC, *et al.*,[1] | § | |
| | § | Chapter 11 |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | |

**DEBTORS' EMERGENCY MOTION TO MODIFY ORDER (I) SCHEDULING A HEARING ON THE APPROVAL OF THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, AND THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (II) APPROVING CERTAIN BIDDING PROCEDURES, ASSUMPTION AND ASSIGNMENT PROCEDURES, AND THE FORM AND MANNER OF NOTICE THEREOF, AND (III) GRANTING RELATED RELIEF**
[Relates to Docket No. 331]

EMERGENCY CONSIDERATION HAS BEEN REQUESTED FOR MARCH 17, 2014 AT 2:00 P.M. C.S.T. AT THE UNITED STATES COURTHOUSE, COURTROOM 400, 515 RUSK AVENUE, HOUSTON, TX 77002.  IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER.  IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE DAVID R. JONES:

Goldking Holdings, LLC, Goldking Onshore Operating, LLC, and Goldking Resources, LLC, as debtors and debtors in possession (each, a "Debtor," and collectively, the "Debtors") hereby submit this Emergency Motion (the "Emergency Motion") to Modify its previous Order (i) Scheduling a Hearing on the Approval of the Sale of All or Substantially All of the Debtors' Assets, and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (ii) Approving Certain Bidding Procedures, Assumption and Assignment Procedures,

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Goldking Holdings, LLC (2614); Goldking Onshore Operating, LLC (2653); and Goldking Resources, LLC (2682).  The mailing address for the Debtors is 777 Walker Street, Suite 2500, Houston, TX 77002.

1

and the Form and Manner of Notice Thereof, and (iii) Granting Related Relief (Docket No. 331) (the "Bidding Procedures and Sale Order") to address needed modifications regarding the timing of the (i) conduct of any auction on the sale of the Debtors' properties and (ii) the date to confirm the sale, resulting from the auction, and (iii) certain other related deadlines provided for in the Bidding Procedures and Sale Order. In support of the Motion, the Debtors respectfully state as follows:

### Basis for Emergency Relief

1. The Debtors have conducted an extensive market oriented sale process with the assistance of a well-recognized expert in the sale of oil and gas properties, E. Spectrum Advisors, LLC ("E. Spectrum") (Docket Nos. 81 and 175).

2. By the Bidding Procedures and Sale Order the Court set March 13, 2014 as the date for an auction of the Debtors' properties, with a hearing to confirm the sale resulting from the auction on March 17, 2014.

3. The results of the sale process did provide for tender of bids on the Debtors' oil and gas properties; however, the bids are in amounts less than deemed satisfactory as a result of the extensive process involved, and are fewer in number than were expected from the process, whereby over 40 possible bidders conducted various levels of due diligence.

4. With the consent of the bidders tendering actual bids, the Debtors have determined that brief postponement of the auction and sale hearing would benefit the process, and provide a means to again seek to maximize the value of the oil and gas properties that the Debtors own and operate. The postponement sought is for just over two (2) weeks from the previously approved schedule, allowing for the auction to be rescheduled to April 1, 2014 and the hearing to confirm the sale to be conducted on April 7, 2014.

**Factual Background**

5.      On October 30, 2013 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have continued in possession of their properties and have continued to operate and maintain their business as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

6.      Additional information about the Debtors' business and the events leading up to the Petition Date can be found in the Declaration of Edward Hebert in Support of Chapter 11 Petitions and First Day Pleadings (the "Hebert Declaration") [Docket No. 2], which is incorporated herein by reference.  As explained in further detail in the Hebert Declaration, the Debtors filed their bankruptcy petitions to protect the value of their business enterprises and to facilitate the implementation of various strategies to reorganize the businesses and maximize the value of the estates.

7.      The Debtors are in the midst of a marketing and sales process for all or substantially all of their assets, as further described in the *Debtors' Motion for Entry of (A) An Order (I) Scheduling A Hearing On The Approval Of The Sale Of All Or Substantially All Of The Debtors' Assets, And The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, (II) Approving Certain Bidding Procedures, Assumption And Assignment Procedures, And The Form And Manner Of Notice Thereof, And (III) Granting Related Relief; And (B) An Order (I) Approving A Certain Asset Purchase Agreement, (II) Authorizing The Sale Of All Or Substantially All Of The Debtors' Assets Free And Clear Of All Encumbrances, (III) Authorizing The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (IV) Granting Related Relief* (the "Sales Procedures Motion") [Doc. No. 276].  It was anticipated that the auction would allow for sufficient value to enable all claims to be paid.

8.      Now that the deadline for submission of bids under the Bidding Procedures and Sale Order has passed, it is clear that the sales and marketing process thus far has not resulted in

bids of sufficient number and amount to result, in the Debtors' business judgment, in a robust auction and sale that will enable payment of all creditor claims, based on the current situation.

### Relief Requested

9. As a result, and in an effort to exhaust the marketing efforts ably undertaken thus far, the Debtors seek to have the existing sales process extended for approximately two and one-half (2½) weeks, with a corresponding rescheduling of certain of the specifically defined deadlines set forth in the Bidding Procedures and Sales Order, as follows:

- The deadline to submit bids, as referenced in paragraph 7 of the Bidding Procedures (as defined in the Bidding Procedures and Sale Order), shall be moved from **March 5, 2014** at **5:00 p.m. (CST)** to **March 27, 2014** at **5:00 p.m. (CST)**;

- The Auction shall be moved from **March 13, 2014** at **10:00 a.m. (CST)** to **April 1, 2014** at **10:00 a.m. (CST)**. The location and all other details concerning the Auction, to the extent not modified herein, shall remain unchanged;

- The deadline to file a Sale Objection, as referenced in paragraph 15 of the Bidding Procedures and Sale Order, shall be moved from **March 14, 2014** at **4:00 p.m. (CST)** to **April 3, 2014** at **4:00 p.m. (CST)**;

- The Sale Hearing referenced in paragraph 19 of the Bidding Procedures and Sale Order shall be moved from **March 17, 2014** at **2:00 p.m. (CST)** to **April 7, 2014** at **2:00 p.m. (CST)**;

- The bid requirement referenced in paragraph 6(l) of the Bidding Procedures (as defined in the Bidding Procedures and Sale Order) shall be revised from April 3, 2014 to twenty (20) days after the Sale Hearing.

10. Other than these specific deadline changes, all other deadlines and procedures in the Bidding Procedures and Sales Order shall remain in effect.

11.     The Debtors are working with the bidders to enhance initial bids submitted.  They also are canvassing the previously interested potential bidders who signed confidentiality agreements to ensure that an opportunity remains open for them to tender a bid.  Moreover, they are also soliciting other interest, and have communicated with others in seeking out further candidates.  Finally, the Debtors are working with their debtor in possession lender, Wayzata Opportunities Fund II, LP, ("Wayzata") as successor administrative agent (in such capacity, "Agent") to Bank of America, N.A. ("BOA") and as the Lender (in such capacity, the "Lender") under the Existing Credit Agreement,[2] and supermajority equity owner, to address the developments surrounding the sale and seeking support for the postponement, the efforts to work with the parties as described herein, and to otherwise obtain a positive result for all concerned.

## Conclusion

FOR ALL OF THE ABOVE REASONS, the Debtors request that the Court (i) modify the Bidding Procedures and Sale Order to postpone the auction and sales hearing as indicated; and (ii) grant the Debtors such other and further relief as is just and proper.

Dated: March 10, 2014

Respectfully submitted,

**HAYNES AND BOONE, LLP**

/s/ Patrick L. Hughes
Patrick L. Hughes
Texas Bar No. 10227300
Charles A. Beckham, Jr.
Texas Bar No. 02016600
Christopher L. Castillo
Texas Bar No. 24065022
Haynes and Boone, LLP
1221 McKinney Street, Suite 2100
Houston, Texas  77010
Telephone:  (713) 547-2000
Facsimile:  (713) 547-2600

—and—

---

[2] Capitalized terms in this paragraph are as defined in the Permanent Financing Order, at docket 198.

**YOUNG CONAWAY STARGATT
& TAYLOR, LLP**
Edmon L. Morton (No. 3856)
Robert F. Poppiti, Jr. (No. 5052)
Young Conaway Stargatt & Taylor, LLP
1000 North King Street, Rodney Square
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

**COUNSEL FOR THE DEBTORS**